UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CLARKE,<br><br>        Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA, MADERA COUNTY PROBTION DEPARTMENT,<br><br>        Respondent. | Case No.: 1:13-cv-00049-JLT<br><br>ORDER DENYING PETITIONER'S AMENDED MOTION TO DISQUALIFY DISTRICT JUDGE<br>(Doc. 9) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on January 11, 2013.  After a preliminary review of the petition indicated that the petition contained no claims that have been exhausted in state court, the Magistrate Judge, on January 23, 2013, issued an Order to Show Cause why the petition should not be dismissed as unexhausted.  (Doc. 3). On February 22, 2013, apparently in response to the Order to Show Cause,

1

Petitioner filed a motion to amend the petition to include exhausted claims, a motion to stay proceedings in order to exhaust further claims, and a motion to disqualify the United States District Judge assigned to this case. (Docs. 6, 7, & 8). On March 4, 2013, before the Court could rule on those motions, Petitioner filed an amended motion to disqualify the District Judge. (Doc. 9).[1]

## DISCUSSION

Here, as grounds for disqualification or recusal, Petitioner contends that the District Judge presided over two previous cases involving Petitioner, i.e., civil rights actions against the City of Madera Police Department. (Doc. 9, p. 3). Petitioner contends that because the District Judge dismissed both cases, because he "has knowledge of the facts concerning the Petitioner's Petition for Habeas Corpus," and because the District Judge's dismissal of those two cases was an expression of "his opinion against Petitioner about the underlying facts of Petitioner's Habeas Corpus petition," Petitioner reasons that the District Judge "has a bias against Petitioner and a prejudice for government entities, specifically the City of Madera Police Department." Id. Petitioner concludes that he cannot obtain a "fair trial" because of the District Judge's purported bias and prejudice. Id.

Disqualification is required if a party demonstrates that that the judge's impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or the judge has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). Recusal is required only if the judge's bias is 1) directed against a party; 2) stems from an extrajudicial source; and 3) is such as a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned. Liteky v. United States, 510 U.S. 540, 545-546 (1994); United States v.Studley, 783 F.2d 934, 939 (9th Cir. 1986); United States v. Bell, 79 F.Supp.2d 1169, 1173 (E.D. Cal. 1999). A judge's rulings while presiding over a case do not constitute extra-judicial conduct. Nilsson, et al., v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir. 1988). A motion to disqualify a judge pursuant to § 455 is decided by the judge

---

[1] The only difference between the original motion and the amended motion is that, in Petitioner's attached declaration, the amended motion contains a statement that the declaration is made under penalty of perjury, something omitted from the original motion.

whom the moving party wishes to disqualify.  In re Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994).

Here, Petitioner has not met the requirements of for recusal or disqualification.  First, the alleged bias and prejudice does not stem from an extrajudicial source, but rather from Petitioner's own history as a litigant before this particular District Judge.  Second, and more significantly, the mere fact that the District Judge's rulings in other cases went against Petitioner's interests does not reflect either bias or prejudice.  Petitioner has not alleged that the two previous dismissals were legally incorrect; indeed, Petitioner makes no reference to the merits of the District Judge's rulings in those cases at all.  Rather, Petitioner argues that the simple fact of dismissal, standing alone, is proof of prejudice.  The Court, however, simply cannot make the leap in logic required to find bias or prejudice solely on the basis of legal rulings to which Petitioner does not take exception and regarding which Petitioner has failed to identify any legal error.  In Petitioner's logic, any party who returns to federal court following an unfavorable result in an earlier case is entitled to have a different judge solely because the result in the earlier case was unfavorable.  This is not, and has never been, the law regarding recusals and disqualifications.  The Court is unaware of any case that imputes bias or prejudice from the mere fact of an earlier unfavorable result.  Finally, based on the foregoing, no reasonable person knowing all of the above facts would conclude that the District Judge's impartiality could be reasonably questioned.  Liteky, 510 U.S. at 545-546.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Petitioner's amended motion to disqualify the District Judge (Doc. 9), is DENIED.

IT IS SO ORDERED.

Dated:   **March 6, 2013**               **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28