# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CLARKE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA, MADERA COUNTY PROBTION DEPARTMENT,<br><br>　　　　　Respondent. | Case No.: 1:13-cv-00049-JLT<br><br>ORDER REQUIRING PETITIONER TO FILE RESPONSE<br><br>THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on January 11, 2013. After a preliminary review of the petition indicated that the petition contained only unexhausted claims, the Court, on January 23, 2013, issued an Order to Show Cause why the petition should not be dismissed as entirely unexhausted. (Doc. 3). That Order to Show Cause gave Petitioner thirty days within which to file a response. Petitioner has never filed a response to the Order to Show Cause.

However, on February 22, 2013, Petitioner filed a motion to amend the petition, indicating that he wished to amend the original petition to include newly exhausted claims. (Doc. 6). Petitioner did

1

not identify those claims he had exhausted, nor did he indicate whether those claims were the same claims as those contained in the original petition or instead were new claims never before presented to this Court. Also on February 22, 2013, Petitioner filed a motion to stay proceedings pending exhaustion of certain claims which, again, were never identified. (Doc. 7). Once again, Petitioner failed to explain whether the stay was simply until he finished exhausting the claims already raised in the original petition, or whether he was now seeking to exhaust additional new claim. On March 21, 2013, Petitioner filed a second motion to amend the petition, which again did not identify the claims Petitioner was seeking to exhaust. The motion appears to be entirely duplicative of the motion to amend filed on February 22, 2013.

On March 1, 2013, Petitioner filed a motion to disqualify United States District Judge assigned to this case, Hon. Lawrence O'Neill. (Doc. 8). The Court issued an order denying the motion to disqualify on March 6, 2013. (Doc. 10). On March 21, 2013, before the Court could rule on Petitioner's pending motions to amend and motion to stay, Petitioner filed an unauthorized interlocutory appeal to the United States Court of Appeals for the Ninth Circuit on March 21, 2013. (Doc. 13). At that point, this Court was divested of jurisdiction to proceed on the petition. On June 20, 2013, the Ninth Circuit dismissed the appeal as an improper interlocutory appeal and mandate issued on July 16, 2013, thus returning jurisdiction to this Court. (Docs. 16 & 17).

The Court must now address the pending motions to amend and motion to stay and determine how to proceed from this juncture. However, after reviewing the pending motions, the Court is, once again, unsure of what Petitioner is requesting in those motions and whether those motions are still relevant. Accordingly, the Court will require Petitioner to file a response in which SHALL address the pending motions and how he wishes to proceed.

## **DISCUSSION**

After considering the pending motions, it appears that, depending on whether the "newly" exhausted claims are indeed "new" claims that never before have been presented to this Court or are, in fact, the same claims raised in the original petition, Petitioner would have three options.

First, if the newly exhausted claims are the same claims raised in the original petition, and if

there are no new claims that have been exhausted, Petitioner need do nothing but indicate that fact to the Court.  If the unexhausted claims in the original petition are now exhausted, and Petitioner does not seek to add additional claims to the original petition, the Court can now simply order an Answer from Respondent and proceed with the original petition without further ado.  Under this option, the motions to amend would be superfluous since there would be no "new" claims to add to the original petition.  The mere fact that the original unexhausted claims are now exhausted does not require the filing of an amended petition nor does it require a stay of proceedings.

Second, if Petitioner has exhausted the claims in the original petition <u>but</u> also exhausted *additional* claims he wishes to add to the original petition, he may do so simply by filing a first amended petition without leave of Court.  Under federal law, a petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.  <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonn v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).  Since no response has yet been ordered from Respondent, Petitioner need not seek leave of Court to file an amended petition, if indeed there are "new" claims he has exhausted and wishes to add to the claims in the original petition.

Third, if Petitioner is seeking to exhaust either new or original claims and the exhaustion process is still ongoing, i.e., has not yet been completed in the California Supreme Court, he should advise the Court of the details of his exhaustion efforts, including the specific claims he is seeking to exhaust, the state courts in which he has filed habeas petitions on those claims, the dates on which those petitions were filed, and any final orders from state courts either granting or denying those petitions.  Under United States Supreme Court case law, the Court can only grant a stay of proceedings after an assessment of whether the specific claims for which exhaustion is sought are "potentially meritorious."  <u>Rhines v. Weber</u>, 125 S.Ct. 1528, 1535 (2005).  Making such a determination obviously requires that the Court understand the specific claims that Petitioner is seeking to exhaust.

From the foregoing, Petitioner is ordered to file a response within thirty days indicating which of the three options listed above he feels is appropriate to his situation.  Petitioner may include in his response any additional explanatory information that would help the Court to better understand what claims have been exhausted, what claims, if any, remain to be exhausted, and what claims Petitioner wishes to proceed on in his petition.

**ORDER**

Accordingly, the Court HEREBY ORDERS that Petitioner file a response complying with this Order within thirty days of the date of service of this Order.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 8, 2013**                       /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE