# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY CLARKE,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA, MADERA COUNTY PROBTION DEPARTMENT,<br><br>    Respondent. | Case No.: 1:13-cv-00049-JLT<br><br>ORDER REQUIRING PETITIONER TO FILE RESPONSE<br><br>THIRTY DAY DEADLINE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on January 11, 2013. After a preliminary review of the petition indicated that it contained only unexhausted claims, on January 23, 2013, the Court issued an Order to Show Cause why the petition should not be dismissed as entirely unexhausted. (Doc. 3). That Order to Show Cause gave Petitioner thirty days within which to file a response. Petitioner has never filed a response to the Order to Show Cause.

However, on February 22, 2013, Petitioner filed a motion to amend the petition, indicating that he wished to amend the original petition to include newly exhausted claims. (Doc. 6). Petitioner did not identify those claims he was exhausting or had exhausted, nor did he indicate whether those claims

1

were the same claims as those contained in the original petition or instead were new claims never before presented to this Court.  Also on February 22, 2013, Petitioner filed a motion to stay proceedings pending exhaustion of certain claims which, again, were never identified.  (Doc. 7).  Once again, Petitioner failed to explain whether the stay was simply until he finished exhausting the claims already raised in the original petition, or whether he was now seeking to exhaust additional new claim. On March 21, 2013, Petitioner filed a second motion to amend the petition, which again did not identify the claims Petitioner was seeking to exhaust.  The motion appears to be entirely duplicative of the motion to amend filed on February 22, 2013.

On March 1, 2013, Petitioner filed a motion to disqualify United States District Judge assigned to this case, Hon. Lawrence O'Neill.  (Doc. 8).  The Court issued an order denying the motion to disqualify on March 6, 2013.  (Doc. 10).  On March 21, 2013, before the Court could rule on Petitioner's pending motions to amend and motion to stay, Petitioner filed an unauthorized interlocutory appeal to the United States Court of Appeals for the Ninth Circuit on March 21, 2013. (Doc. 13).  At that point, this Court was divested of jurisdiction to proceed on the petition.  On June 20, 2013, the Ninth Circuit dismissed the appeal as an improper interlocutory appeal and mandate issued on July 16, 2013, thus returning jurisdiction to this Court.  (Docs. 16 & 17).

Upon the return of jurisdiction to this Court, the Court re-assessed the case's procedural posture but was still unable to discern precisely what Petitioner wished to do regarding his various exhausted and unexhausted claims.  Accordingly, on August 8, 2013, the Court issued an order requiring Petitioner to file a response within thirty days that would indicate which claims had been exhausted and whether Petitioner wished to exhaust additional unexhausted claims.  On September 6, 2013, Petitioner filed a response to the Court's August 8, 2013 order, indicating that he had fully exhausted both his original and all new claims, that he wished to file an amended petition containing his exhausted claims, and that a stay of proceedings was no longer required.  (Doc. 19).

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. Petitioner is ordered, within thirty days of the date of service of this order, to file a first

2

amended petition containing all of the exhausted claims upon which Petitioner wishes to proceed.  Petitioner is advised that the document should be entitled "First Amended Petition for Writ of Habeas Corpus."  The First Amended Petition will **supersede the original petition** and **the original petition will be of no further legal effect in these proceedings**.  The First Amended Petition must be complete within itself and without reference to the original petition.  Petitioner is advised that the amended petition must set forth all of Petitioner's claims, *including all the facts and arguments in support of those claims*.  Petitioner must allege constitutional violations which are cognizable on federal habeas review.

2. Petitioner's motion to stay proceedings (Doc. 7) and motion for leave to amend (Doc. 11) are HEREBY DISREGARDED as moot.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **September 13, 2013**            **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE